GISKAN SOLOTAROFF & ANDERSON LLP
90 Broad Street, 10th Floor
New York, New York 10004
(646) 964-9609
Jason L. Solotaroff
Amy E. Robinson
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| JAHNI FANNIS, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Plaintiff, | |
| -against- | Dkt. No. |
| CONSTRUCTION AND REALTY SERVICES GROUP, INC., TRADE OFF LLC, LUCA HOLDINGS LLC, and RONALD LATTANZIO, | |
| Defendants. | |

------------------------------------------------------------------------X

Plaintiff Jahni Fannis, for his complaint against Defendants Construction and Realty Services Group Inc., ("CRSG") Trade Off LLC ("Trade Off"), Luca Holdings LLC, and Ronald Lattanzio, alleges as follows:

## THE PARTIES

1. Plaintiff Jahni Fannis is a Black African American man who lives in Brooklyn, New York.

2. Defendant Construction and Realty Services Group Inc. ("CRSG") is a corporation organized under the laws of New York with its principal place of business in Lynbrook, New York.

3.    Defendant Trade Off LLC ("Trade Off") is a limited liability corporation organized under the laws of Delaware with its principal place of business in Lynbrook, New York.

4.    Defendant Luca Holdings LLC ("Luca") is a limited liability corporation organized under the laws of New York with its principal place of business in Lynbrook, New York.

5.    Trade Off, CRSG and Luca have common ownership and directors, share management and human resources services, share payroll and insurance programs, have common employees and managers, and share office space. Indeed, Trade Off employees are covered under benefit plans in the name of CRSG.

6.    Ronald Lattanzio, as he acknowledged in an article in Crain's New York Business on October 31, 2018,[1] is the direct or indirect owner of all three defendant corporate entities. On information and belief, Mr. Lattanzio owns Trade Off through his ownership of Luca. Mr. Lattanzio lives in New York, New York. Also as acknowledged in the Crain's New York Business article, Mr. Lattanzio is actively involved in the operation of his companies and has personal involvement in determining his companies' compliance with anti-discrimination laws.

## VENUE AND JURISDICTION

7.    This Court has jurisdiction over Plaintiff's Americans with Disabilities Act ("ADA") claim pursuant to 28 U.S.C. §1331. Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on January 25, 2018. The EEOC issued a right

---

[1] https://www.crainsnewyork.com/real-estate/contractor-caught-crossfire-hudson-yards-fight

2

to sue letter on these complaints on or about October 31, 2019. The Court has jurisdiction over Plaintiff's claims under the NYCHRL pursuant to 28 U.S.C. § 1367.

8. Venue is properly before this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in this District.

9. This Court has personal jurisdiction over Defendants because they operate businesses in New York State, conduct business in New York State, and employed Plaintiff within New York State.

## FACTS

10. Mr. Fannis worked for Trade Off from January 2017 to May 2017.

11. On May 1, 2017, Mr. Fannis suffered a seizure while working at Trade Off and was taken to the hospital.

12. Mr. Fannis was cleared by his doctors to return to work on May 23, 2017, with certain accommodations including being supervised when using stairs and ladders.

13. Mr. Fannis returned to work and requested the accommodations mandated by his doctors.

14. It would not have been difficult for Trade Off to accommodate Mr. Fannis as there were many Trade Off employees on the site who were not required to use stairs and ladders at all.

15. However, after only being back at work for one day, Trade Off terminated Mr. Fannis's employment, stating that the restrictions were too onerous.

16. As a result of his termination, Mr. Fannis has suffered lost wages and emotional distress.

### FIRST CLAIM FOR RELIEF
(Discrimination Based on Perceived Disability in Violation of ADA Against All Defendants Other Than Lattanzio)

17. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

18. Defendants perceived Plaintiff to be disabled.

19. Defendants discriminated against Plaintiff in the terms and conditions of his employment based on his perceived disability in violation of the ADA.

### SECOND CLAIM FOR RELIEF
(Disability Discrimination in Violation of NYCHRL Against All Defendants)

20. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

21. Defendants discriminated against Plaintiff in the terms and conditions of his employment based on his disability and/or his perceived disability in violation of the NYCHRL.

WHEREFORE, Plaintiff demands judgment:

1. Reinstating Plaintiff to the position he held prior to his wrongful termination and enjoining Defendants, upon his reinstatement, from discriminating against him based on his disability;

2. Awarding Plaintiff back pay;

3. Awarding Plaintiff compensatory damages, including but not limited to damages for emotional distress;

4. Awarding Plaintiff punitive damages;

5. Awarding reasonable attorneys' fees, costs, and expenses, and

Granting such other legal and equitable relief to the Plaintiffs as the Court may deem just and equitable.

## **JURY DEMAND**

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated:    New York, New York
          January 13, 2020

                GISKAN, SOLOTAROFF & ANDERSON LLP

                s/_____
By:   Jason L. Solotaroff
      Amy E. Robinson
      90 Broad Street, 10th Floor
      New York, New York 10004
      646-964-9604
      jsolotaroff@gslawny.com
      arobinson@gslawny.com
      *ATTORNEYS FOR PLAINTIFFS*